THE CHICAGO AND ALTON RAILROAD CO.

*v.*

THE ROCKFORD, ROCK ISLAND AND ST. LOUIS R. R. Co.

1. ABSTRACT—*its requisites.* The whole evidence, uncondensed, with the questions and answers just as they were taken down by the reporter, should not be given in that form in the abstract filed in this court.

2. RAILROAD CROSSING—*duty of drivers of trains at the crossing of two railroads.* If the driver of a railroad train who has the right to the road at the crossing of another railroad knows, or has good reason to believe, he will come in collision with a train not entitled to the crossing if he attempts to exercise his right, prudence requires him not to attempt the exercise of his right, and he might be criminally culpable for so doing.

APPEAL from the Circuit Court of Scott county; the Hon. H. M. VANDEVEER, Judge, presiding.

Mr. CHAS. P. WISE, for the appellant.

Mr. N. M. KNAPP, and Mr. JAMES M. RIGGS, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action on the case, for negligence, brought by one railroad corporation against another, resulting in a verdict for the plaintiff.

The declaration alleged the negligence to consist in this: That it was the duty of the defendant company to stop its locomotive and cars within four hundred feet of the crossing, in order to avoid collision with the engine and cars of plaintiff. The plaintiff corporation was the Rockford. Rock Island and St. Louis Railroad Company, whose line of road at the town of Brighton, in the direction of St. Louis, ran about one hundred feet distant from the line of defendants' road, the Chicago and Alton railroad, when it crossed the last named road north-east of Brighton station, and at an angle of about 30 degrees.

The plaintiffs aver that they were running a locomotive and train of freight cars over this crossing with all due care and caution, and that defendants were running a passenger train, approaching the same crossing, and negligently and recklessly refused to stop their train at a point not less than four hundred feet from the crossing, and culpably and recklessly ran into the locomotive and train of cars of the plaintiffs, without stopping, as it was their duty to do.

The second count alleges the duty to stop at a reasonable distance from the crossing, which defendants neglected to do. Another count declared, generally, for carelessly and recklessly running their engine and cars into the engine and cars of plaintiffs.

The defense is, that plaintiffs were guilty of as much or more negligence than the defendants, and, therefore, under repeated rulings of this court, they are not entitled to recover.

The defendants were going north from St. Louis and plaintiffs south to St. Louis. The collision happened on a dark evening, about half-past seven o'clock, of the fourth day of April, 1872.

The only question pressed upon our attention is that of negligence, appellants claiming the collision happened by reason of the negligence and carelessness of the driver of appellees' engine; that his negligence was greatly in excess of that of appellants, if they were guilty of any negligence.

All the testimony in the cause is directed to this point, and it is given to us in the record and abstract as it was taken down by the reporter—not abstracted or condensed in the least; and to get at the facts, we have been obliged to read a mass of questions and answers which should have no place, in that form, in an abstract.

But we have carefully examined and weighed the whole of the testimony, and, on the question of right to the road, as affecting the question of negligence, the great preponderance of the evidence is in favor of the verdict. There is some conflict, as there will always be in such cases. We can not, and will not, attempt to reconcile it, nor is it our duty. We think the evidence conclusively shows appellants' train was suffered to proceed when the driver knew the way was not clear.

We fail to see any negligence proved against appellees' driver. He did all that was required of him, and when he found a collision could not be avoided, he heroically stood at his post, and by the management of his engine avoided a much greater calamity.

We think the weight of the evidence is, as to the rights of trains at or approaching a crossing, that the train, be it passenger or freight, which first reaches it, makes the required stop within the required distance of the crossing, and from such stop gets first in motion, has the right to the crossing. But if, in the attempt to exercise such right, the driver should know, or have good reason to believe, he will come in collision with a train not entitled to the crossing, prudence would require him not to attempt the exercise of his right, and he might be criminally culpable for so doing.

No question of law is raised upon this record. The question of negligence alone is presented, and that, we think, has been properly settled by the verdict.

The judgment of the circuit court is affirmed, for want of error in the record.

*Judgment affirmed.*